THE STAGHOUND AND THE GAMECOCK (SCHEUFFLER, Intervener).

(District Court, D. Oregon. November 1, 1899.)

1. SEAMEN—WAGES.

Rev. St. § 4527, providing that any seaman who has signed an agreement, and is afterwards discharged before commencement of the voyage, or before a month's wages are earned, without fault on his part, is entitled to a month's wages in addition to wages earned, applies where the vessel was known to the owner to be wholly unfit for the voyage, and in a smooth sea, in pleasant weather, proved so unseaworthy that it could not proceed, and was compelled to return in a state of wreck.

2. SAME—ADVANCE NOTES.

The owners of a fund derived from sale of a vessel cannot urge, as against the assignee of an advance note to seaman for a month's wages, the wages having thereafter been earned, and not paid, the rule, made for benefit of seamen, that the assignee of such a note cannot recover thereon.

Chester V. Dolph, for petitioner.
J. C. Flanders, for defendant.

BELLINGER, District Judge. Scheuffler, as the assignee of Wall, Willey, and McDonald, intervenes by petition to be paid, out of the funds derived from the sale of the steamers Staghound and Gamecock, certain claims arising out of the following facts: On the 9th of June, 1898, Wall, Willey, and McDonald shipped on board the Staghound, for service on board said steamer, for a trip to Alaska. It was admitted upon the argument that these persons regularly signed the shipping agreement, and received what are denominated "advance notes" for one month's pay, which notes have been assigned to Henry Scheuffler, who presents this petition. It is not so stated in the petition, but it was admitted upon the argument, that the parties so shipping actually went upon the steamer, which sailed from the port of Astoria, and was compelled to put back, after having gone to sea, in a wrecked condition. It is claimed in behalf of the representatives of the transportation company that this case is within the doctrine of the case of Grossett v. Townsend, 30 C. C. A. 457, 86 Fed. 908, decided by the circuit court of appeals for this circuit, where it is held, in effect, that an advance of wages, represented by an advance note, is invalid, and money paid under it cannot be deducted from a seaman's wages. In other words, the rule adopted by the circuit court of appeals in construing the statutes of the United States relating to the subject, made in the interest of the seaman, in order to protect him from his improvidence and from imposition, is to be turned against him so as to defeat his right of recovery, or the right of recovery by his assignee, where services have actually been performed and the wages earned, for, in my opinion, this is precisely what has occurred in this case. I shall consider the case upon the admitted facts, as well those stated in the petition as those outside of it. When these seamen rendered themselves aboard of the steamers, and went to sea, they entered on the performance of their contract of shipment. The subsequent loss of the steamers, under the circumstances in this case, will not suffice to relieve the owners from responsibility to the extent of their interest in the fund derived from

the sale of the wrecked boats. It was a matter of common knowledge before these boats sailed that they were wholly unfit for the voyage upon which they were about to go, and representations were made to the collector of customs of this port to prevent their clearance; and it turned out that in a smooth sea, in pleasant weather, the two boats were so unseaworthy that they were unable to proceed, and were compelled to return to Astoria in a state of wreck, and after great risk to those employed on board of them.

Section 4527 of the Revised Statutes provides that:

"Any seaman who has signed an agreement and is afterwards discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation."

It is admitted that the amount claimed in this case as to each of these persons is the amount of one month's wages due under the contract of shipment, and under the circumstances of the case I am of the opinion that the parties so shipping are entitled to receive wages precisely as though they had been discharged before the wages were earned, since the failure of the voyage was due to no fault of theirs, but wholly to the fault and carelessness of the owners in undertaking the voyage under the circumstances. In any event, it is equitable that these wages should be paid out of the proceeds in the registry of the court, and it is inequitable that the owners of this fund should be allowed to urge against such recovery a rule that an assignee or holder of an advance note cannot recover thereon, made for the protection of the seamen themselves. The case is considered and decided upon the assumption that these wages have been earned under the law as quoted, and that the present petitioner is the assignee of the claims for value. Exceptions to petition are overruled.